UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK MAYS,

Plaintiff,

v.

STELLANTIS, *et al.*,

Defendants.

Case No. 25-cv-13663
Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR LEAVE TO AMEND
(ECF NO. 31)**

---

### I.    Introduction

Plaintiff Derrick Mays, proceeding pro se, brings this employment
action against Defendants Stellantis (doing business as FCA US LLC) and
two labor unions, UAW United Auto Workers International and UAW Local
1700.  ECF No. 1.  The Honorable Robert J. White referred the case to the
undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF
No. 7.

In April 2026, the Court recommended dismissing Mays's case for
failure to meet the pleading standards of Federal Rule of Civil Procedure 8
and for failure state a plausible claim.  ECF No. 28.  Mays's objections to

that report and recommendation (R&R) remain pending.  Mays now moves

for leave to amend his complaint.  ECF No. 31.  The Court **RECOMMENDS**

that Mays's motion be **DENIED**.[1]

## II.    Background

The Court has previously described the allegations in the operative

complaint and incorporates that discussion here.  ECF No. 28, PageID.255-

257.  Mays seeks to amend his complaint to add factual allegations.  ECF

No. 31.  He also eliminates his claims alleging violations of Section 7 and 8

of the National Labor Relations Act and for civil conspiracy and collusion.

But he adds a claim for violation of Title I of the Labor Management

Reporting and Disclosure Act.  *Id.*, PageID.356-357.  All other claims

asserted in the operative complaint are reasserted in the amended

complaint.

---

[1] Although a motion to amend is not ordinarily considered dispositive, because the Court has also recommended dismissing Mays's claims, denying his motion to amend amounts to dismissing his case with prejudice.  *See Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001) ("In determining whether a particular motion is dispositive, the court undertakes functional analysis of the motion's potential effect on litigation.").  Thus, the Court errs on the side of caution and proceeds under 28 U.S.C. § 636(b)(1)(B).

## III.   Analysis

### A.

Rule 15(a)(2) states that leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League*

3

*of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

## B.

Mays's motion to amend should be denied on futility grounds because he engaged in "shotgun" pleading violating Rule 8(a).  "A 'shotgun pleading' is one that makes it virtually impossible for a defendant to know which allegations of fact are intended to support which claims for relief" and that "often seek to overwhelm defendants with an unclear mass of

4

allegations." *K.O. v. G6 Hospitality, LLC*, 728 F. Supp. 3d 624, 640 (E.D. Mich. Mar. 31, 2024) (cleaned up).  "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015)); *see also Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020).

Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).  The rule ensures that "the district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu*, 5 F.4th at 651 (cleaned up).  To determine whether a complaint violates Rule 8, "the key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id.* (cleaned up).

One type of shotgun pleading involves a "complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1322.  Another type includes "a complaint that…[is] replete with

5

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.*  Both types of pleadings fail to give defendants adequate notice of the claims against them and the grounds on which they rest.  *Id.* at 1323.

Mays's 43-page, 92-paragraph amended complaint is so convoluted that it obscures the basis for his claims against FCA and the unions.  It makes scattershot, disjointed allegations with unclear relevance to the substance of the dispute.  The amended complaint begins with three pages of legal argument about whether Mays's complaint was timely and whether he exhausted his claims, followed by further arguments about exhaustion four pages later.  ECF No. 31, PageID.322-324, 328-329.  Complaints should "allege facts satisfying the elements of the claim at issue but should not contain legal arguments, cite case law or other legal authority, or contain extraneous matter."  *Hall v. Bush*, No. 1:20-cv-731, 2020 WL 13982500, at *3 (W.D. Mich. Dec. 30, 2020).

Changing course, Mays next alleges that an independent monitor appointed in another federal action found that the unions, led by the UAW president's chief of staff, generally fabricated misconduct allegations and engaged in other misconduct.  ECF No. 31, PageID.324-326.  Beyond loosely alleging that these findings were made during the same timeframe

as the allegations giving rise to his complaint, Mays fails to concretely tie these "independent monitor" allegations to any of his claims.  *Id.*  These allegations are thus immaterial to the complaint.

Mays then pivots to a jumbled assortment of "judicial admissions" in the unions' answer to his operative complaint.  *Id.*, PageID.326-328.  The unions' answer is irrelevant to Mays's complaint.  As explained, the critical question is whether the amended complaint makes factual allegations plausibly supporting valid claims.  *See Rose*, 203 F.3d at 420.  For the reasons discussed in this R&R, it does not.

The next three pages of the amended complaint list provisions from a collective bargaining agreement (CBA)—identified as a 2023 FCA-UAW Production, Maintenance, and Parts Agreement—and the UAW constitution.  ECF No. 31, PageID.329-332.  Although Mays does not explain the significance of this section, he presumably intended to address the April 2026 R&R's conclusion that he failed to state a claim against FCA for violation of the Labor Management Relations Act based on breach of the CBA.  The R&R found that "[n]owhere in the [operative] complaint does Mays identify a collective bargaining agreement or specify what provisions were breached."  ECF No. 28, PageID.270 (citing *Harris v. Am. Postal Workers Union*, 198 F.3d 245 (Table) (6th Cir. 1999)).

7

Mays reasserts this claim in the amended complaint but only cites breaches of the CBA, not the UAW constitution.  ECF No. 31, PageID.351-353.  Nor are the alleged breaches of the UAW constitution referenced as the basis for any other claim.  The UAW constitution provisions are thus irrelevant.  As for the CBA provisions, Mays vaguely refers to "just cause," "seniority rights," "plant area restrictions," "anti-discrimination," and "Weingarten rights" provisions.  *Id.*, PageID.330-331.  Mays still has not sufficiently identified what provisions of the 200-page CBA he alleges that FCA violated.[2]  *See Harris*, 198 F.2d245 (Table) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.").

The amended complaint then turns to allegations about a "similarly situated female comparator."  ECF No. 31, PageID.332-334.  The April 2026 R&R found that Mays failed to state plausible claims of sex discrimination or hostile work environment under Title VII based on his allegation that defendants treated him less favorably than a female comparator.  ECF No. 28, PageID.265, 268.  The Court noted that Mays

---

[2] *See* 2023 FCA-USAW Production, Maintenance, and Parts Agreement, https://uaw.org/2023stellantiscontract/production/#p=Cover (last visited June 12, 2026).

did not plausibly allege that the female comparator was similarly situated because he did "not allege that they had similar discipline histories or that they engaged in similar misconduct.  Nor does Mays allege for how long this comparator was suspended or any specifics about her reinstatement terms."  *Id.*, PageID.265.

The amended complaint does not cure this deficiency.  Mays asserts in conclusory terms that the female comparator was terminated for a physical assault "objectively more severe" than Mays's alleged assault and that his discipline history was "not more adverse" than hers.  ECF No. 31, PageID.333.  But Mays again offers no facts permitting this comparison.  Mays also concludes that the female comparator received more favorable terms in part because she was reinstated "before" him.  *Id.*  This allegation says nothing about the comparative duration of the two terminations—the female comparator may have been terminated for longer than Mays if she was disciplined before he was.

In a scattershot, "kitchen-sink" manner, the rest of the complaint seemingly details every workplace grievance that Mays has had since 2023.  Many allegations advance confusing, speculative theories allegedly showing defendants' discrimination, retaliation, and other wrongdoing.  *Id.*, PageID.334-344.  For example, Mays again alleges that FCA prepared an

9

investigation report in December 2023 about his altercation with union steward Martin Denham, almost two months before that altercation took place.  *Id.*, PageID.337; ECF No. 33-1, PageID.414-415.  The investigation documented an interview of witness Tylena Hensley.  *Id*.  Mays admits that FCA explained that the date on the document was a clerical error, but he complains that the UAW Public Review Board "accepted without investigation."  ECF No. 31, PageID.337.  But Mays does not plausible allege that the FCA manufactured Hensley's statement or the other allegations in the investigation report.  *Id.*

The amended complaint also includes sprawling allegations about Mays's complaint against another co-worker for harassment; a female co-worker's complaint that Mays sexually harassed her; Mays's claim that his union representative Byron Ray was notified of the sexual harassment allegations before a meeting with human resources; Mays's administrative complaints of sexual discrimination; and his petition to recall Ray as representative.  *Id.*, PageID.334-337.  Mays then disputes details of his altercation with Denham, claiming that Denham made disparaging Facebook comments about Mays and inappropriately came to Mays's restricted workstation.  *Id.*, PageID.338.  Next, Mays complains that union secretary Debra Glover removed some of his comments from the union

10

Facebook group because she learned that his employment was terminated before he received official notice.  *Id.*, PageID.339.

Mays then disputes how the unions handled his termination grievance, claiming that FCA offered "shifting justifications" for his termination and that the union vice president Eric Watters stated that FCA "targeted Mays while giving him a sham investigation."  *Id.*, PageID.340-341.  Mays also disagrees with the unions' settlement of his grievance with the "Last Chance Agreement."  *Id.*, PageID.341-342.  The remaining factual allegations form a confusing hodgepodge of Mays's appeals of the unions' settlement of the grievance; Glover's alleged admission that she "targeted" Mays because he was "always getting into it with women" and that she reviewed his social media posts; and Denham's contribution to Mays's GoFundMe website.  *Id.*, PageID.342-344.

Far from adhering to Rule 8(a)'s requirement that pleadings be "short and plain," the amended complaint's scattershot approach overwhelms defendants and the Court "with an unclear mass of allegations."  *K.O.*, 728 F. Supp. 3d at 640.  The significance of many of Mays's factual allegations is unclear or too confusing to comprehend.  Worse yet, each of Mays's counts incorporates by reference all preceding paragraphs.  ECF No. 31, PageID.344-356.  Deciphering the amended complaint would thus require

the Court "or opposing party to forever sift through its pages in search of that understanding."  *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (dismissing a 55-page complaint for violating Rule 8).  Such "[a] prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation."  *Flayter v. Wisc. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001); *see also Sherman v. Saxon Mortg. Servs., Inc.*, No. CIV. 10-2282-STA-TMP, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (collecting cases).

In *Nelson v. Serv. Towing, Inc.*, the operative complaint was "twenty-six pages of rambling and confusing allegations and legal conclusions that are often not connected to one another," and shared many other similarities with Mays's amended complaint:

> Plaintiffs attempt to inject into their complaint irrelevant and often confusing factual allegations that often have nothing to do with the claims that they do claim to be asserting, while failing to provide sufficient detail to demonstrate they have stated a claim upon which relief can be granted.  The amended complaint is filled with assumptions and speculation in a haphazard way, while making generalized arguments about wrongdoing and conspiracies by some or all of the listed defendants.

No. 2:22-cv-10918, 2024 WL 989572, at *3, 12 (E.D. Mich. Feb. 5, 2024), *adopted*, 2024 WL 775492 (E.D. Mich. Feb. 26, 2024).  The court denied

12

the plaintiffs' motion to amend as futile and recommended that the case be dismissed. *Id.*, at *9, 13.

Because Mays's proposed amended complaint is likewise littered with rambling and irrelevant factual allegations and speculation, his motion for leave to amend should be denied as futile.

## IV.   Conclusion

The Court recommends that May's motion for leave to amend (ECF No. 31) be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 22, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager

14