UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK MAYS,

     Plaintiff,

v.

STELLANTIS N.V., et al.,

     Defendants.

Case No. 25-cv-13663

Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING STELLANTIS'S MOTION TO DISMISS THE COMPLAINT, GRANTING THE UNION DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT**

I.    <u>Introduction</u>

Derrick Mays commenced this employment discrimination and retaliation action against Stellantis, N.V., the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), and its affiliate, UAW Local 1700. The UAW and Local 1700 are, hereinafter, designated as the "Union Defendants." The complaint alleges, among other things, that Stellantis colluded with the Union Defendants to manufacture grounds to discharge Mays from the company's employment.

Before the Court is Magistrate Judge Elizabeth A. Stafford's April 8, 2026 report and recommendation. (ECF No. 28).  The report recommended that the Court (1) grant Stellantis's motion to dismiss the complaint, (2) grant the Union Defendants' motion for judgment on the pleadings, and (3) deny Mays's motion for a temporary restraining order. (ECF Nos. 11, 18, 23).  Mays timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 29).  The Union Defendants responded in opposition to the objections. (ECF No. 30). Stellantis did not respond.

For the following reasons, the Court will (1) overrule Mays's objections, (2) adopt in part and modify in part the magistrate judge's report and recommendation, (3) grant Stellantis's motion to dismiss the complaint, (4) grant the Union Defendants' motion for judgment on the pleadings, and (5) deny Mays's motion for a temporary restraining order as moot.

II.    Background

Since Mays does not object to the magistrate judge's factual summary, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 28, PageID.255-57).

III.   Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

IV.   Analysis

Mays objects to the recommended dismissal of all the claims asserted in the complaint.  None of his objections carry any merit.

   *A.     Title VII Retaliation*

Title VII to the Civil Rights Act of 1964 forbids employers or "labor organization[s]" from retaliating against employees or members who "opposed any act or practice made unlawful by [Title VII]" or who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).  A plausible Title VII retaliation claim requires allegations "supporting a reasonable inference that the employer took adverse employment action against [the plaintiff] because [he] engaged in protected activity." *Prida v. Option Care Enters.*, No. 23-3936, 2025 U.S. App. LEXIS 3317, at *18 (6th Cir. Feb. 11, 2025).

Mays's claim suffers from two central flaws.  *One* – the complaint does not allege that he engaged in a protected activity, such as filing an EEOC charge, *before* Stellantis terminated his employment.  "Engaging in union and election related

3

protected activity" does not qualify as Title VII protected conduct. (ECF No. 19, PageID.160). *See Childs v. Motor City Casino Hotel*, Nos. 09-13108, 10-13458, 2011 U.S. Dist. LEXIS 45280, at *12 (E.D. Mich. Apr. 27, 2011) (holding that the plaintiff's "union activity" did not qualify as Title VII protected conduct); *see also Rivera-Velázquez v. Regan*, 102 F.4th 1, 19 (1st Cir. 2024) (deciding that "no reasonable juror could conclude that the union grievance constituted protected conduct under Title VII" where the grievance did not complain "about discrimination on any of the bases protected by Title VII."); *Stucky v. Dep't of Educ.*, 283 F. App'x 503, 505 (9th Cir. 2008) (same).

And *two* – insofar as Mays's sex discrimination complaint with the Michigan Department of Civil Rights constitutes protected activity, *see Shefferly v. Health Alliance Plan of Mich.*, 94 F. App'x 275, 285 (6th Cir. 2004), the seven-month interval between the filing of that complaint (in July 2023) and Mays's termination (on February 12, 2024) "is insufficient" alone "to establish a causal connection" between the two events. *Cook v. Garner*, No. 19-5931, 2020 U.S. App. LEXIS 19024, at *14 (6th Cir. Jun. 17, 2020); *see also Tennial v. UPS*, 840 F.3d 292, (6th Cir. 2016) (stating that "[t]emporal proximity of more than six months, standing alone, has not been found to support an inference of retaliatory discrimination absent other compelling evidence."); *Nguyen v. City of Cleveland*, 229 F.3d 559, 566-67 (6th Cir. 2000) (observing that "cases that have permitted a prima facie case to be

made based on the proximity of time have all been short periods of time, usually less than six months") (internal quotation marks omitted).

For both these reasons, the Title VII retaliation claim is implausible. Mays's objection to this portion of the report and recommendation is overruled. And the magistrate judge's recommended disposition is modified to reflect the above rationale.

### B.   Title VII Sex Discrimination

Title VII also prohibits employers from discharging or discriminating against employees "because of" their "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). And it forbids unions "to cause or attempt to cause an employer to discriminate against an individual in violation" of Title VII. 42 U.S.C. § 2000e-2(c)(3). To establish his entitlement to relief, Mays "must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that defendants discriminated against Mays because of his sex. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quotation omitted); *see also Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 498 (6th Cir. 2016).

The complaint does not meet this threshold. The most compelling allegation is that Stellantis more quickly reinstated an unnamed female comparator, who perpetrated an assault on company grounds, "with favorable conditions including

5

being able to resume [a] skilled trades apprenticeship." (ECF No. 1, PageID.23, ¶ 70; *see also* PageID.32, ¶ 101).  But Mays provides no "supporting facts to make plausible [his] conclusory assertion" that Stellantis treated the female employee better than him. *Johnson v. Bender Mgmt., LLC*, No. 25-1374, 2025 U.S. App. LEXIS 25086, at *4 (6th Cir. Sep. 26, 2025).  Without more information, the Court cannot discern whether the comparator engaged in the same gravity of misconduct as Mays or whether Stellantis's reinstatement terms prohibited him from similarly enrolling in a "skilled trades apprenticeship."

As a result, the complaint lacks sufficient facts to draw a reasonable inference that defendants violated Title VII because of Mays's sex.  The objection to this portion of the report and recommendation is overruled.  And the magistrate judge's recommended disposition is adopted.

C.     *Title VII Hostile Work Environment*

Title VII further prohibits discrimination "because of . . . sex" in the "terms" or "conditions" of employment. 42 U.S.C. § 2000e-2(a).  This means that "[d]iscrimination based on sex" that "creates a hostile or abusive work environment is actionable under Title VII." *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 U.S. App. LEXIS 21412, at *6-7 (6th Cir. Aug. 2, 2022) (cleaned up).[1]

---

[1] The United States Court of Appeals for the Sixth Circuit left open the question whether a labor union may be held liable under Title VII for creating a hostile or abusive work environment. *See Phillips v. UAW Int'l*, 854 F.3d 323, 326-27 (6th Cir.

Here, Mays fails to assert that the terms in his Last Chance Agreement with Stellantis or that a union secretary's alleged "targeting" of him constituted sexual harassment.  And he does not plausibly show how the other purported instances of harassment were predicated upon his gender.  So the Title VII hostile work environment claim cannot withstand Rule 12(b)(6) dismissal.

Mays's objection to this portion of the report and recommendation is, therefore, overruled.  And the magistrate judge's recommended disposition is adopted.

### D.    National Labor Relations Act

Next, Mays alleges that the Union Defendants violated sections 7 and 8 of the National Labor Relations Act ("NLRA") when they "disciplined, silenced, terminated, surveilled, and excluded" him "from procedures and meetings for protected activity." (ECF No. 1, PageID.33, ¶ 105).  The problem for Mays is that the United States Supreme Court has stripped federal "courts of jurisdiction over conduct 'arguably subject' to section 7 or section 8 of the National Labor Relations Act." *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 300 (6th Cir. 2011) (quotation omitted); *see also San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).  The Supreme Court instead "requires" federal

---

2017).  The Court will adopt the magistrate judge's recommended approach and decline to address the issue since Mays otherwise fails to state a plausible Title VII hostile work environment claim. (ECF No. 28, PageID.267 n.1).

courts to "defer to the exclusive competence of the National Labor Relations Board" over such violations.[2] *Pulte Homes*, 648 F.3d at 300 (quotation omitted); *see also Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 609 (6th Cir. 2004).

Because the Court lacks jurisdiction to entertain the NLRA claim it cannot proceed further.  Mays's objection to this portion of the report and recommendation is overruled.  And the magistrate judge's recommended disposition is modified to reflect the above rationale.

### E.      Labor-Management Relations Act

Section 301 of the Labor-Management Relations Act ("LMRA") invests federal courts with jurisdiction to entertain "[s]uits for violation[s] of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). The statute governs "suits by and against individual employees as well as between unions and employers." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976).  One type of employee-initiated lawsuit is referred to as a "hybrid claim." *Swanigan v. FCA US LLC*, 938 F.3d 779, 784 (6th Cir. 2019).  Mays appears

---

[2] An exception to this general rule is the NLRA's "secondary-boycott" provision. *See* 29 U.S.C. § 158(b)(4)(B).  This section forbids unions from "forc[ing] a neutral party, with whom the union has no dispute, into ceasing business with the union members' primary employer." *Midwest Terminals of Toledo Int'l, Inc. v. Int'l Longshoremen's Ass'n*, No. 22-1330, 2023 U.S. App. LEXIS 18371, at *9-10 (6th Cir. Jul. 18, 2023).  Section 303 of the Labor-Management Relations Act then "confers a private right of action on persons injured by [the] union's" violation of the "secondary-boycott" provision. *Id.* at *6; *see also* 29 U.S.C. § 187.

to be pressing this sort of claim in the complaint. (ECF No. 1, PageID.34-35, ¶¶ 107-10).

"Hybrid" section 301 actions enable employees to sue both their union and their employer, without exhausting the procedural remedies delineated in a collective bargaining agreement. *Driver v. United States Postal Serv.*, 328 F.3d 863, 868 (6th Cir. 2003). Hybrid suits comprise two distinct claims: one against the employer for violating the collective bargaining agreement under section 301 of the LMRA, 29 U.S.C. § 185, and a separate one against the union for breaching its implied duty of fair representation under the NLRA. 29 U.S.C. § 159(a). The two claims are interdependent; meaning that the employee may prevail on either cause of action only by prevailing in both. *Driver*, 328 F.3d at 868. To withstand a motion to dismiss, the employee must plausibly allege that (1) the employer violated the collective bargaining agreement, and (2) the union breached its duty of fair representation. *Id.*

The duty of fair representation stems from the union's role as the employee's exclusive bargaining representative. *Steele v. Louisville & Nashville R. Co.*, 323 U.S. 192, 202 (1944). "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). This test applies to all union activities, *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499

9

U.S. 65, 67 (1991), and encompasses "three separate and distinct" avenues "by which a union may be found to have breached its duty." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 584 (6th Cir. 1994).

Mays's "hybrid" claim fails because he does not plausibly demonstrate how Stellantis violated the relevant collective bargaining agreement.  To succeed on this prong, Mays must at least identify the pertinent collective bargaining agreement – and point to specific provisions within the agreement – that Stellantis violated.  He does neither.  And without this basic information, the "hybrid" section 301 claim lacks plausibility. *See Swanigan*, 938 F.3d at 784-85 ("Because the complaint does not allege that FCA breached any provision of the collective-bargaining agreement, Judge Drain correctly dismissed the complaint for failure to state a claim upon which relief could be granted."); *see also DeShetler v. FCA US, LLC*, 790 F. App'x 664, 669 (6th Cir. 2019) ("With regard to a breach of a collective bargaining agreement by the employer, plaintiffs must sufficiently plead a breach of an actual provision of a collective bargaining agreement . . .").

Because the asserted collective bargaining agreement violation is meritless, there is no need to address whether the Union Defendants likewise breached their duty of fair representation. *See Hank v. Great Lakes Constr. Co.*, 790 F. App'x 690, 702 (6th Cir. 2019) ("Because we find that there was no breach of the collective bargaining agreement, we need not address the question of whether the Union

10

breached its duty of fair representation."); *Bagsby v. Lewis Bros., Inc.*, 820 F.2d 799, 803 (6th Cir. 1987) (same).

Mays's objection to this portion of the report and recommendation is overruled. And the magistrate judge's recommended disposition is modified to reflect the above rationale.

### F.     *Elliott-Larsen Civil Rights Act*

Mays pleads both retaliation and sex discrimination claims under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). And he acknowledges that these theories "mirror" the complaint's Title VII allegations. (ECF No. 1, PageID.35, ¶¶ 111-12). Because the analysis under both statutes is identical, and the Court already concluded that the Title VII retaliation and sex discrimination claims fail to state a plausible claim for relief, the same conclusion is warranted as to the parallel ELCRA violations. *See Washington v. Sodecia Auto.*, No. 25-1362, 2025 U.S. App. LEXIS 27690, at \*4-8 (6th Cir. Oct. 21, 2025) (affirming the dismissal of Title VII and ELCRA discrimination and retaliation claims under the same analytic framework).

Mays's objection to this portion of the report and recommendation is overruled. And the magistrate judge's recommended disposition is modified to reflect the above rationale.

11

G.     *Civil Conspiracy and Collusion*

Mays likewise contends that Stellantis and the Union Defendants engaged in a civil conspiracy, and colluded together, to violate his substantive rights. (ECF No. 1, PageID.35-36, ¶¶ 113-14).  Both claims are not actionable.

Civil conspiracy under both federal and Michigan law is not a standalone cause of action.  It requires the underlying violation of some other substantive law, which Mays fails to plead in this case. *See, e.g., Advocacy Org for Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384 (2003) ("a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort.") (quotation marks and citation omitted); *see also LaFountain v. Kerckaert*, No. 95-1923, 1996 U.S. App. LEXIS 24199, at *8 (6th Cir. Aug. 22, 1996) ("We also note that there is no federal cause of action for conspiracy under common law.").

Nor does there appear to exist an independent cause of action for collusion under federal or Michigan law.  But insofar as Mays asserts a "concert-of-action" claim under Michigan law, that cause of action requires the plaintiff to similarly "establish some underlying tortious conduct." *Urbain v. Beierling*, 301 Mich. App. 114, 132 (2013).  Mays fails to satisfy this burden as well.

12

Consequently, the objection to this portion of the report and recommendation is overruled.  And the magistrate judge's recommended disposition is modified to reflect the above rationale.

### H.    Leave to Amend the Complaint

Mays's attempt to cure the above deficiencies with the supplemental allegations he proposes in his objections to the report and recommendation is equally unavailing. (ECF No. 29, PageID.281-82, 284-87, 290-92).  Courts typically "focus only on the allegations in the pleadings" when considering motions to dismiss or for judgment on the pleadings. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).  This does not include the plaintiff's objections to a magistrate judge's report recommending the dismissal of his claims. *See Hubbard v. Cmty. Choice Credit Union*, No. 25-11629, 2026 U.S. Dist. LEXIS 57908, at *21 (E.D. Mich. Mar. 18, 2026) ("An objection to the Magistrate Judge's Report and Recommendation is not the proper vehicle to amend the complaint.") (quotation omitted); *see also Rogan v. Tomlinson*, No. 19-12975, 2021 U.S. Dist. LEXIS 53864, at *4 (E.D. Mich. Mar. 23, 2021) ("[The plaintiff] may not seek leave to amend in an objection to a report and recommendation.").

When "plaintiffs believe they need to supplement their complaint with additional facts to withstand [a motion to dismiss] . . . they have a readily available tool: a motion to amend the complaint under Rule 15." *Waskul v. Washtenaw Cty.*

13

*Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).  They cannot otherwise "ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.*  Mays's request to amend the complaint – through his objections to the report and recommendation – is, therefore, denied.

I.      *Motion for Temporary Restraining Order*

Lastly, Mays's motion for a temporary restraining order is now moot because the Court dismissed all the substantive causes of action and "injunctive relief . . . is unavailable when the underlying claims are properly dismissed." *Saha v. Ohio State Univ.*, 259 F. App'x 779, 780 (6th Cir. 2008).  Mays's objection to this portion of the report and recommendation is overruled.  And the magistrate judge's recommended disposition is modified to reflect the above rationale.  Accordingly,

IT IS ORDERED that Mays's objections to the magistrate judge's April 8, 2026 report and recommendation (ECF No. 29) are overruled.

IT IS FURTHER ORDERED that the magistrate judge's April 8, 2026 report and recommendation (ECF No. 28) is adopted in part and modified in part.

IT IS FURTHER ORDERED that Stellantis's motion to dismiss the complaint (ECF No. 11) is granted.

14

IT IS FURTHER ORDERED that the Union Defendants' motion for judgment on the pleadings (ECF No. 18) is granted.

IT IS FURTHER ORDERED that Mays's motion for a temporary restraining order (ECF No. 23) is denied as moot.

Dated: June 24, 2026                           s/ Robert J. White
                                               Robert J. White
                                               United States District Judge