UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK MAYS,

     Plaintiff,

v.

STELLANTIS N.V., et al.,

     Defendants.

Case No. 25-cv-13663

Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT, AND DISMISSING THE COMPLAINT WITH PREJUDICE**

I.    Introduction

Derrick Mays commenced this employment discrimination and retaliation action against Stellantis, N.V., the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), and its affiliate, UAW Local 1700. The UAW and Local 1700 are, hereinafter, designated as the "Union Defendants." The complaint alleges, among other things, that Stellantis colluded with the Union Defendants to manufacture grounds to discharge Mays from the company's employment.

Before the Court is Magistrate Judge Elizabeth A. Stafford's June 22, 2026 report and recommendation. (ECF No. 36).  The report recommended that the Court deny Mays's motion for leave to amend the complaint.[1] (ECF No. 31).  Mays timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 38).

For the following reasons, the Court will (1) overrule Mays's objections, (2) accept and adopt the magistrate judge's report and recommendation, (3) deny the motion for leave to amend the complaint, and (4) dismiss the complaint with prejudice.

II.     Background

Since Mays never objected to the magistrate judge's initial factual summary in the April 8, 2026 report and recommendation, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the April 8, 2026 report and recommendation. (ECF No. 28, PageID.255-57).

---

[1] The motion requests leave to file a "second amended complaint" although Mays never filed an amended complaint in this case previously. (ECF No. 31, PageID.305-06).  So his motion seeks to, in effect, amend the initial complaint.

2

III.   <u>Legal Standard</u>

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

IV.   <u>Analysis</u>

Mays objects to the recommended denial of his motion for leave to amend the complaint.  None of his objections carry any merit.

"Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010).  But leave to amend a complaint "may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party for virtue of allowance of the amendment, futility of amendment, etc." *Id.* (quotation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Mays's proposed amendments are futile because (as the magistrate judge correctly noted) they remain too disjointed to state any plausible claim for relief. Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this

3

rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.  The proposed amendments fail to meet this minimum standard.

Undue delay and prejudice raise another barrier to permitting amendment of the complaint.  The United States Court of Appeals for the Sixth Circuit has expressly rejected the very same pleading tactics that Mays employs here.  In *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019), the Sixth Circuit held that Rule 15 does not "permit[ ] a plaintiff to use the magistrate-referral process to test out his pleading and discover defects before seeking to amend them away in response to the magistrate's recommendation." *Id.* at 458.  The court of appeals observed that authorizing an "amendment under these circumstances would encourage delay and bad faith on the part of plaintiffs and prejudice defendants who would have wasted time and expense attacking a hypothetical complaint." *Id.* at 458-59.  Permitting amendment of the complaint in this case would achieve the identical result.

The appropriate time for Mays to have sought leave to amend the complaint occurred when he first became aware of the purported defects in the initial complaint, *i.e.*, when he received copies of Stellantis's motion to dismiss and the Union Defendants' motion for judgment on the pleadings in January 2026. (ECF Nos. 11, 18). 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1488 (3d ed. Apr. 2026 Update) (stating that "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent."); *see also Glazer*, 704 F.3d at 459 ("Glazer should have sought leave as soon as he learned of this new fact, as it is directly relevant to Chase's argument, and he certainly should not have waited until the magistrate's report had issued.").

Mays "simply waited too long to seek leave to amend, and the delay unduly prejudiced" both Stellantis and the Union Defendants. *Glazer*, 704 F.3d at 459; *see also* 6 Wright & Miller, § 1488 ("an amendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if permitted, would have the effect of prejudicing another party to the action.").

Because Mays's proposed amendments run afoul of Rules 8(a) and 15, the magistrate judge did not err in recommending the denial of the motion for leave to amend the complaint.  Mays's objections are, therefore, overruled.  And the report and recommendation is accepted and adopted.  Accordingly,

IT IS ORDERED that Mays's objections to the magistrate judge's June 22, 2026 report and recommendation (ECF No. 38) are overruled.

IT IS FURTHER ORDERED that the magistrate judge's June 22, 2026 report and recommendation (ECF No. 36) is accepted and adopted.

IT IS FURTHER ORDERED that Mays's motion for leave to amend the complaint (ECF No. 31) is denied.

IT IS FURTHER ORDERED that the complaint is dismissed with prejudice.


Dated: June 25, 2026                    s/ Robert J. White
                                        Robert J. White
                                        United States District Judge

6